■ JULIAN A. OSHLAG, Appellant, v. VITO BASILE et al., Respondents.— Order dated September 27, 1968, denying motion of plaintiff to strike answers of the defendants; and granting cross motion of defendants to dismiss first and second causes of action contained in plaintiff's complaint, unanimously affirmed on the law, without costs and without disbursements. The appeal from the order granting reargument and adhering to the previous decision of Special Term entered September 27, 1968 upon which the foregoing order was entered is dismissed as academic. Leave however is granted plaintiff attorney to apply at Special Term to serve an amended complaint within twenty days after service of a copy of the order herein with notice of entry. (*Cushman & Wakefield* v. *John David, Inc.*, 23 A D 2d 827; CPLR 3211, subd. [e].) It will be necessary, however, for plaintiff, as attorney in this matter, if he is to sustain a viable complaint, to set forth some species of unlawful conduct attributable to the defendant wife and her attorney. (*Lurie* v. *New Amsterdam Cas. Co.*, 270 N. Y. 379.) Prima facie, the fact that her attorney counseled a settlement of the litigation, or that plaintiff as attorney was discharged is palpably no grounds for an action. (See, *Cuker Inds.* v. *Crow Constr. Co.*, 6 A D 2d 415; *Licht* v. *Rosenthal & Slotnick*, 32 N. Y. S. 2d 150.) Not to be overlooked is that: (a) there is an element of public policy involved herein in that the parties to the litigation are husband and wife, whose unity and mutual confidence the law champions, and (b) the third cause of action, alive still, and presently brought only against Vito Basile, may be enlarged

to include, if the facts so warrant, the other defendants and thus enlarged would be amply protective of plaintiff's rights, if any. (*Lurie* v. *New Amsterdam Cas. Co., supra.*) Concur — Capozzoli, J. P., McGivern, McNally, Steuer and Tilzer, JJ.